**PINILIS HALPERN, LLP**
GABRIEL H. HALPERN (GH 5395)
237 South Street
Morristown, New Jersey 07960
Telephone  (973) 401-1111
Facsimile  (973) 401-1114

**STEPHEN M. GAFFIGAN, P.A.**
STEPHEN M. GAFFIGAN (SG 2566)
312 S.E. 17th Street, Second Floor
Ft. Lauderdale, Florida 33316
Telephone  (954) 767-4819
Facsimile  (954) 767-4821

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHANEL, INC., <br> a New York Corporation, <br><br> Plaintiff, <br> vs. <br><br> **ALINA GORDASHEVSKY,** <br> a/k/a ALINA GORDASHEVSKAYA and <br> **THOMAS LIQUOR**I <br> individually and jointly, <br> d/b/a ITALAMODA.COM d/b/a <br> CHICK-CHICK-STORE.COM d/b/a <br> ELECTROFASHION.NET d/b/a <br> BIDREPLICA.COM d/b/a <br> ACCESSORIZENMORE.COM, <br> **EVAN COHEAAN a/k/a ETHAN** <br> **COHEN and VINCENT SANTO and** <br> **OURI GALILI and SARA GALILI,** <br> individually and jointly, d/b/a <br> EDESIGNERHANDBAGS.NET d/b/a <br> WORLDBAGSEXPRESS.COM d/b/a <br> HANDBAGS PLUS d/b/a <br> ACCESSORIESPLUS1.COM d/b/a <br> CELLSEEK INTERNATIONAL, <br> **HANDBAGS PLUS, INC.**, a New York <br> corporation, d/b/a <br> EDESIGNERHANDBAGS.NET d/b/a <br> HANDBAGS PLUS d/b/a | CASE NO. <br><br> **COMPLAINT FOR DAMAGES** <br> **AND INJUNCTIVE RELIEF** |

ACCESSORIESPLUS1.COM d/b/a,                )
WORLDBAGSEXPRESS.COM d/b/a      )
CELL SEEK INTERNATIONAL,             )
**CELL SEEK CORP.,** a New York          )
corporation, d/b/a CELL SEEK                   )
INTERNATIONAL d/b/a HANDBAGS    )
PLUS d/b/a WORLDBAGSEXPRESS.COM)
EDESIGNERHANDBAGS.NET d/b/a      )
ACCESSORIESPLUS1.COM                     )
And DOES 1-10,                                         )
                                                                   )
              Defendants.                                 )
_____)

       Plaintiff, CHANEL, INC., a New York corporation ("Chanel") sues Defendants, ALINA GORDASHEVSKY ("Gordashevsky") and THOMAS LIQUORI ("Liquori"), individually and jointly, d/b/a ITALAMODA.COM, CHICK-CHICK-STORE.COM, ELECTROFASHION.NET, BIDREPLICA.COM, and ACCESSORIZENMORE.COM, EVAN COHEAAN a/k/a ETHAN COHEN ("Cohen") and VINCENT SANTO ("Santo") and OURI GALILI and SARA GALILI (the "Galili's"), individually and jointly, d/b/a EDESIGNERHANDBAGS.NET d/b/a WORLDBAGSEXPRESS.COM d/b/a HANDBAGS PLUS d/b/a ACCESSORIESPLUS1.COM d/b/a CELL SEEK INTERNATIONAL, HANDBAGS PLUS, INC., a New York corporation, d/b/a EDESIGNERHANDBAGS.NET d/b/a HANDBAGS PLUS d/b/a ACCESSORIESPLUS1.COM d/b/a WORLDBAGSEXPRESS.COM d/b/a CELL SEEK INTERNATIONAL ("Handbags Plus"), CELLSEEK CORP., a New York corporation, d/b/a CELL SEEK INTERNATIONAL d/b/a HANDBAGS PLUS d/b/a WORLDBAGSEXPRESS.COM d/b/a EDESIGNERHANDBAGS.NET d/b/a ACCESSORIESPLUS1.COM ("Cell Seek") (collectively the "Defendants") and alleges as follows:

## JURISDICTION AND VENUE

1.      This action seeks to enforce 15 U.S.C. §§ 1114, 1116, 1121 and 1125(a). Furthermore, this action is one in which diversity of citizenship exists and the amount in dispute exceeds $75,000. Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338. Venue is proper in this Court under 28 U.S.C. § 1391 since the Defendants' principal place of doing business is within this District and Defendants conduct business activities within this District. Furthermore, venue is appropriate since a substantial portion of the acts giving rise to this case occurred within this District.

## THE PARTIES

2.      Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, leather goods including handbags, wallets, travel bags, luggage, credit card and business card cases, change purses, tote bags, cosmetic bags, vanity cases sold empty, briefcase type portfolios, attache cases, scarves, sunglasses, bracelets, earrings, necklaces and costume jewelry under the federally registered trademarks CHANEL and CC MONOGRAM (collectively, the "Chanel Marks").

3.      Gordashevsky is an individual who, upon information and belief, conducts business within this Judicial District and resides at 3 Juschase Court, Voorhees, New Jersey 08043. Gordashevsky has or currently still uses the names Alina Gordashevskaya, Italamoda.com, Chick-Chick-Store.com, ElectroFashion.net, BidReplica.com, and AccessorizenMore.com as aliases to operate her business.

4. Upon information and belief, Gordashevsky is directly and personally engaging in the sale of counterfeit products as alleged herein.

5. Liquori is an individual who, upon information and belief, conducts business within this Judicial District and resides at 6802 61st Road, Middle Village, New York 11379. Liquori has or currently uses the names Italamoda.com, Chick-Chick-Store.com, ElectroFashion.net, BidReplica.com, and AccessorizenMore.com to operate his business. Liquori has or is currently, directly, and personally contributing to, inducing, and engaging in the sale of counterfeit products as alleged herein as a partner, business associate, collaborator, or supplier of Gordashevsky.

6. Upon information and belief, Liquori is directly and personally engaging in the sale of counterfeit products as alleged herein.

7. Cohen is an individual who, upon information and belief, conducts business within this Judicial District at 24 15th Street, #201, Brooklyn, New York 11215. Cohen has or currently still uses the names EDesignerHandbags.net, WorldBagsExpress.com, Handbags Plus, AccessoriesPlus1.com and Cell Seek International as aliases to operate his business.

8. Upon information and belief, Cohen is directly and personally engaging in the sale of counterfeit products as alleged herein.

9. Santo is an individual who, upon information and belief, conducts business within this Judicial District at 1747 Crosby Avenue, Bronx, New York 10461. Santo has or currently still uses the names EDesignerHandbags.net, WorldBagsExpress.com, Handbags Plus, AccessoriesPlus1.com and Cell Seek International as aliases to operate his business.

10. Upon information and belief, Santo is directly and personally engaging in the sale of counterfeit products as alleged herein.

11. The Galili's are individuals who, upon information and belief, conduct business within this Judicial District at 1552 East 28th Street, Brooklyn, New York, 11229. The Galili's have or currently still use the names EDesignerHandbags.net, WorldBagsExpress.com, Handbags Plus, AccessoriesPlus1.com and Cell Seek International as aliases to operate their business.

12. Upon information and belief, the Galili's are directly and personally engaging in the sale of counterfeit products as alleged herein.

13. Handbags Plus is, upon information and belief, a corporation organized under the laws of the State of New York and conducts business within this Judicial District at 1747 Crosby Avenue, Bronx, New York 10461. Handbags Plus has or currently still uses the names EDesignersHandbags.net, Handbags Plus, AccessoriesPlus1.com, WorldBagsExpress.com and Cell Seek International as aliases to operate its business.

14. Upon information and belief, Handbags Plus is directly and personally engaging in the sale of counterfeit products as alleged herein.

15. Cell Seek is, upon information and belief, a corporation organized under the laws of the State of New York and conducts business within this Judicial District at 1552 East 28th Street, Brooklyn, New York 11229. Cell Seek has or currently still uses the names Cell Seek International, Handbags Plus, WorldBagsExpress.com, EDesignerHandbags.net and AccessoriesPlus1.com as aliases to operate its business.

16. Upon information and belief, Cell Seek is directly and personally engaging in the sale of counterfeit products as alleged herein.

17. Defendants Does 1 through 5 are, upon information and belief, individuals who reside and/or conduct business within this Judicial District. Further, Does 1 through 5 are directly and

personally contributing to, inducing, and engaging in the sale of counterfeit products as alleged herein as partners, business associates, collaborators, or suppliers to the named defendants. Plaintiff is presently unaware of the true names of Does 1 through 5. Plaintiff will amend this Complaint upon discovery of the identities of such putative defendants.

18.     Defendants Does 6 through 10 are business entities which, upon information and belief, reside and\or conduct business within this Judicial District. Moreover, Does 6 through 10 are, upon information and belief, directly engaging in the sale of counterfeit products as alleged herein as partners, business associates, collaborators, or suppliers to the named Defendants. Plaintiff is presently unaware of the true names of Does 6-10. Plaintiff will amend this Complaint upon discovery of the identities of such putative defendants.

## COMMON FACTUAL ALLEGATIONS

19.     Chanel is the owner of the following U. S. trademark registrations:

| Mark | Reg. No. | Reg. Date |
| --- | --- | --- |
| CC MONOGRAM | 1,734,822 | November 24, 1992 |
| CC MONOGRAM | 1,314,511 | January 5, 1985 |
| CC MONOGRAM | 2,880,780 | September 7, 2004 |
| CHANEL | 0,626,035 | May 1, 1956 |
| CHANEL | 1,347,677 | July 9, 1985 |
| CHANEL | 1,733,051 | November 17, 1992 |
| CC CHANEL | 1,329,750 | April 9, 1985 |
| CHANEL | 1,214,265 | June 7, 1983 |
| CHANEL | 906,262 | January 19, 1971 |

| | | |
|---|---|---|
| CHANEL IDENTIFICATION CC | 2,579,752 | June 11, 2002 |
| CC MONOGRAM | 1,654,252 | August 20, 1991 |
| CHANEL | 1,510,757 | November 1, 1988 |
| CHANEL | 0,612,169 | September 13, 1955 |
| CHANEL | 0,902,190 | November 10, 1970 |
| CC MONOGRAM | 1,501,898 | August 30, 1988 |

These marks are registered in International Classes 9, 14, 18 and 25 and are used in connection with the manufacture and distribution of, among other things, including but not limited to, handbags, wallets, sunglasses, bracelets, earrings, necklaces, costume jewelry and scarves. Additionally, Chanel is owner of the trade dress rights associated with its handbag, wallets, and scarf products (the "Chanel Trade Dress"), which encompasses the overall look, feel, texture, and patterns used by Chanel in connection with the advertisement, marketing, and sale of its genuine goods.

20. The Chanel Marks and Trade Dress have been used in interstate commerce to identify and distinguish Chanel's high quality handbags, wallets, sunglasses, bracelets, earrings, necklaces, costume jewelry, scarves, and other products for an extended period of time.

21. The Chanel Marks and Trade Dress have never been assigned or licensed to any of the Defendants in this matter.

22. The Chanel Marks and Trade Dress are symbols of the Plaintiff's quality, reputation, and goodwill and have never been abandoned.

23. Further, the Plaintiff has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the Chanel Marks and Trade Dress. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)(1).

24.     The Plaintiff has extensively used, advertised, and promoted the Chanel Marks and Trade Dress in the United States in association with the sale of handbags, wallets, earrings, bracelets, necklaces, sunglasses, scarves, and other goods and has carefully monitored and policed the use of the Chanel Marks and Trade Dress.

25.     As a result of the Plaintiff's efforts, members of the consuming public readily identify merchandise bearing the Chanel Marks and Trade Dress as being high quality merchandise sponsored and approved by the Plaintiff.

26.     Accordingly, the Chanel Marks and Trade Dress have achieved secondary meaning as an identifier of high quality products, including handbags, wallets, sunglasses, bracelets, earrings, necklaces, costume jewelry, scarves, and other goods.

27.     Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of Plaintiff's ownership of the Chanel Marks and Trade Dress, including its exclusive right to use and license the Chanel Marks and Trade Dress and the goodwill associated therewith.

28.     Plaintiff has discovered the Defendants are manufacturing, promoting, and otherwise advertising, distributing, selling, and/or offering for sale counterfeit products, including at least handbags, wallets, sunglasses, bracelets, earrings, necklaces, costume jewelry and scarves bearing trademarks which are exact copies of the Chanel Marks and Trade Dress (the "Counterfeit Goods"). Specifically, upon information and belief, the Defendants are using the Chanel Marks and Trade Dress in the same stylized fashion for a different quality goods.

29.     Upon information and belief, the Defendants' Counterfeit Goods are of a quality substantially different from the Plaintiff's genuine goods. The Defendants, upon information and

belief, are actively manufacturing, promoting, and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by Chanel.  The net effect of the Defendants' actions is to confuse consumers who will believe the Defendants' Counterfeit Goods are genuine goods originating from and approved by the Plaintiff.

30. Upon information and belief, the Defendants import and/or manufacture their Counterfeit Goods and advertise those goods for sale to the consuming public.  In advertising these products, the Defendants use the Chanel Marks and Trade Dress.  Indeed, the Defendants, upon information and belief, misappropriated Chanel's advertising ideas and business styles with respect to Chanel's genuine products.  Upon information and belief, the Defendants misappropriated Chanel's advertising ideas in the form of the Chanel Marks and Trade Dress, in part, in the course of Defendants' own advertising activities and is the proximate cause of damage to Chanel.

31. Upon information and belief, the Defendants are conducting their counterfeiting activities at least within this Judicial District and elsewhere throughout the United States.  Defendants' infringement and disparagement of Plaintiff's trademark rights are not simply a misdescription of their goods or a mere failure of the goods to conform to advertised quality or performance.  By their activities, the Defendants are defrauding the Plaintiff and the consuming public for their own benefit.

32. The Defendants' use of the Chanel Marks and Trade Dress, including the manufacture, importation, promotion, advertising, distribution, sale, and offering for sale of its Counterfeit Goods, is without the Plaintiff's consent or authorization.

33. Further, the Defendants, upon information and belief, are engaging in the above-described illegal counterfeiting activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights for the purpose of trading on the goodwill and reputation of the Plaintiff. If the Defendants' intentional counterfeiting activities are not preliminarily and permanently enjoined by this Court, the Plaintiff and the consuming public will continue to be damaged.

34. The Defendants' infringing activities described above are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade. Moreover, the Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between the Plaintiff's genuine goods and the Defendants' Counterfeit Goods.

35. The Plaintiff has no adequate remedy at law.

36. The Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of the Defendants' counterfeiting and infringing activities.

37. The injuries and damages sustained by the Plaintiff are directly and proximately caused by the Defendants' wrongful importation, advertisement, promotion, and sale of their Counterfeit Goods.

38. The Plaintiff has retained the undersigned counsel to represent it in this matter and is obligated to pay a reasonable fee for such representation.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT

39.   Plaintiff incorporates the allegations set forth in Paragraphs 1 through 38 above.

40.   This action is for trademark counterfeiting and infringement against the Defendants based on the Defendants' promotion, advertisement, distribution, sale, and/or offering for sale of the Counterfeit Goods bearing the Chanel Marks.

41.   Specifically, the Defendants, upon information and belief, are importing or manufacturing, promoting, and otherwise advertising, selling, offering for sale, and distributing counterfeit and infringing handbags, wallets, sunglasses, bracelets, earrings, necklaces, costume jewelry, scarves, and other goods. The Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote, and sell counterfeit handbags, wallets, sunglasses, bracelets, earrings, necklaces, costume jewelry, scarves, and other goods.

42.   Defendants' counterfeiting activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Chanel Marks.

43.   The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Chanel.

44.   Defendants' above-described illegal actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

45.   Chanel has suffered and will continue to suffer irreparable injury due to the above described activities of the Defendants if the Defendants are not preliminarily and permanently enjoined.

## COUNT II - FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT

46. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 38 above.

47. Defendants' Counterfeit Goods bearing the Chanel Marks have been widely advertised and distributed throughout the United States.

48. The Defendants' Counterfeit Goods bearing the Chanel Marks are virtually identical in appearance to each of the Plaintiff's genuine goods. However, the Counterfeit Goods are inferior in quality. Accordingly, the Defendants' activities are likely to cause confusion in the trade and among the general public as to the origin or sponsorship of the Counterfeit Goods.

49. The Defendants, upon information and belief, have used in connection with their sales of Counterfeit Goods false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to describe or represent such goods falsely and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of the Plaintiff.

50. Specifically, the Defendants, upon information and belief, authorized and engaged in an infringing use of the Chanel Marks and associated Trade Dress in the Defendants' advertisement and promotion of their counterfeit and infringing handbags, wallets, sunglasses, bracelets, earrings, necklaces, costume jewelry and scarves. The Defendants, upon information and belief, have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing products.

51. The Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

52. Plaintiff has sustained injury and damage caused by Defendants' conduct. Absent an entry of an injunction by this Court, the Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## COUNT III - COMMON LAW UNFAIR COMPETITION

53. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 38 above.

54. This action is for trademark infringement against the Defendants based on their manufacture, promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing marks which are virtually identical, both visually and phonetically, to the Chanel Marks in violation of New Jersey's common law of unfair competition.

55. Specifically, the Defendants are importing or manufacturing, promoting, and otherwise advertising, selling, offering for sale, and distributing infringing handbags, wallets, sunglasses, bracelets, necklaces, earrings, costume jewelry and scarves.

56. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Chanel Marks.

## PRAYER FOR RELIEF

57. WHEREFORE, the Plaintiff demands judgment jointly and severally against the Defendants as follows:

   a. That the Court enter a preliminary and permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing,

counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks and Trade Dress or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name, trademark, or trade dress which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff; from falsely representing themselves as being connected with the Plaintiff, through sponsorship or association, or engaging in any act which is likely to cause members of the trade and/or the purchasing public to believe any goods or services of the Defendants are in any way endorsed by, approved by, and/or associated with the Plaintiff; from using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, handbags, wallets, travel bags, luggage, business card cases, change purses, tote bags, and cosmetic bags sold empty, sunglasses, bracelets, earrings, necklaces, costume jewelry, scarves, and/or any other goods; from affixing, applying, annexing, or using in connection with the sale of any goods a false description or representation, including words or other symbols tending to describe or represent Defendants' goods falsely as being those of the Plaintiff, or in any way endorsed by the Plaintiff, and from offering such goods in commerce; and from otherwise unfairly competing with the Plaintiff.

      b.     That the Defendants be required to account to and pay Plaintiff for all profits and damages resulting from Defendants infringing and counterfeiting activities and that the award to Plaintiff be trebled, as provided for under 15 U.S.C. § 1117, or, at Plaintiff's election with respect to Count I, that Chanel be awarded statutory damages from each defendant in the amount of one

million ($1,000,000) dollars per each counterfeit Chanel Mark used and product sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

    c.    That Plaintiff be awarded punitive damages.

    d.    That Plaintiff be awarded pre-judgment interest on its judgment.

    e.    That Plaintiff be awarded at least treble damages as well as its costs and reasonable attorneys fees and investigators fees associated with bringing this action.

    f.    That the Plaintiff be awarded such other and further relief as the Court may deem just and proper.

DATED this __2nd__ day of November, 2005.

Respectfully submitted,

PINILIS HALPERN, LLP
Attorneys for Plaintiff


By:  __/s/ Gabriel Halpern_____
     GABRIEL HALPERN